IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RUSSELL BETHEA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>ENTERGY CORPORATION, a Delaware registered corporation,<br><br>*Defendant.* | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

Plaintiff Russell Bethea ("Plaintiff" or "Bethea") brings this Class Action Complaint and Demand for Jury Trial against Entergy Corporation ("Defendant" or "Entergy Corporation") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing pre-recorded calls without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Bethea, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Russell Bethea is a resident of Memphis, Tennessee.

2. Defendant Entergy Corporation is a Delaware registered corporation headquartered in New Orleans, Louisiana.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant is located in this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant is located in this District and directed its wrongful conduct from here to the Plaintiff.

## INTRODUCTION

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants,* No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.3 billion robocalls were placed in July 2025 alone, at a rate of 139.5 million per day. www.robocallindex.com (last visited August 17, 2025).

11. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

14. Defendant Entergy Corporation is a holding company for individual public utility companies and affiliates.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

**1. Entergy and affiliates**

Entergy Corporation is a holding company for individual public utility companies, among other affiliates. Each of these public utility companies and other affiliates is a separate and distinct legal entity. Each public utility subsidiary of Entergy Corporation has its own service territory, federal and/or state utility regulatory regime(s), rate structure(s), and customers. No such public utility subsidiary or other affiliate shall be liable for the obligations or entitled to the benefits of any other public utility subsidiary or affiliate, except as may be expressly provided by duly authorized and executed, enforceable written agreement. The public utility subsidiaries of Entergy Corporation that provide retail electric and/or gas utility services are the following:

- Entergy Arkansas, LLC
- Entergy Louisiana, LLC
- Entergy Mississippi, LLC
- Entergy New Orleans, LLC
- Entergy Texas, Inc.

Solely for reasons of convenience, the term “Entergy” is used to refer individually and collectively to Entergy Corporation and its affiliates, including but not limited to the public utility companies named above.[3]

15. Entergy Corporation places calls to consumers using 800-368-3749, its main contact number, which is the same number Plaintiff received calls from:

entergy     Customers   Communities   Investors   Operat

**Contact us by phone**

To speak to a customer service agent by telephone, you will need the phone number or account number that is listec Entergy bill.

- Self-service options are available 24/7 through our automated phone system or online through myEntergy.
- Report an outage or emergency – Representatives are available 24 hours a day, 7 days a week.
- Residential Customer Service – Monday through Friday 7 a.m. to 7 p.m.
- Business Customer Service – Monday through Friday 8 a.m. to 5 p.m.

**1-800-ENTERGY (1-800-368-3749)**

16. Entergy Corporation owns/operates 800-368-3749:

[3] https://www.entergy.com/terms



[4]

17. Entergy Corporation uses 800-368-3749 to notify consumers about service-related matters including billing, power outages, and other power-related matters.[5]

18. Entergy Corporation uses pre-recorded voice messages to notify consumers about the service-related matters that were mentioned above.

19. Consumers have posted complaints about pre-recorded calls they received from Energy Corporation using 800-368-3749, including:



[6]



[7]

---

[4] https://www.whitepages.com/phone/1-800-368-3749
[5] https://lookup.robokiller.com/p/800-368-3749
[6] https://800notes.com/Phone.aspx/1-800-368-3749/3
[7] https://www.shouldianswer.com/phone-number/8003683749

20. Defendant Entergy Corporation knowingly places pre-recorded calls to consumers, including individuals with new or recycled cell phone numbers, without obtaining their consent, as experienced by Plaintiff.

21. In response to these calls, Plaintiff Bethea brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

## PLAINTIFF BETHEA'S ALLEGATIONS

22. Plaintiff Bethea resides in Memphis, Tennessee.

23. Plaintiff Bethea is the sole owner and user of his cell phone number beginning with an area code of 901 and ending in 9875.

24. Plaintiff Bethea has owned this cell phone number since early 2024.

25. Plaintiff Bethea has never been an Entergy Corporation customer.

26. Since October 5, 2024, Plaintiff Bethea has been receiving pre-recorded notification calls from 800-368-3749.

27. When Plaintiff Bethea answered calls from 800-368-3749, a pre-recorded message was played regarding notifications about power outages and other power-related matters.

28. Plaintiff Bethea received the following unwanted calls from 800-368-3749:

- October 5, 2024 – 5 calls, none answered;
- October 6, 2024 – 1 call, not answered;
- December 20, 2024 – 4 calls, 2 answered – both pre-recorded;
- January 2, 2025 - 1 answered call – pre-recorded;
- June 28, 2025 – 2 answered calls – both pre-recorded;
- July 10, 2025 – 1 missed call;
- July 11, 2025 – 1 missed call;
- July 14, 2025 – 5 calls, 1 answered – pre-recorded;
- July 15, 2025 – 1 missed call;
- August 7, 2025 – 7 calls – 4 answered – all 4 were pre-recorded; and
- August 8, 2025 – 1 answered call – pre-recorded

29. On August 11, 2025, Plaintiff Bethea called 800-368-3749 so he could speak to a live employee about stopping the calls.

30. Plaintiff Bethea had to select menu options until he was asked to confirm which state he was calling about, none of which specified Tennessee.

31. As a result, Plaintiff Bethea was unable to speak to a live agent.

32. Plaintiff Bethea never provided consent to Entergy Corporation to receive pre-recorded calls to his cell phone.

33. The unauthorized telephone calls that Plaintiff received from the Defendant has harmed Plaintiff Bethea in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone.

34. In addition, the calls were a cause of stress, as Plaintiff answered many pre-recorded calls and was unable to speak to a live agent to request that the calls be stopped.

35. Seeking redress for these injuries, Plaintiff Bethea, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

36. Plaintiff Bethea brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with an account with Defendant, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

37. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a

controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Bethea anticipates the need to amend the Class definition following appropriate discovery.

38. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

39. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b) whether the calls constitute a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

40. **Adequate Representation**: Plaintiff Bethea will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Bethea has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Bethea and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Bethea nor his counsel have any interest adverse to the Class.

41. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Bethea. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Bethea and the Pre-recorded No Consent Class)**

42. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

43. Defendant transmitted unwanted telephone calls to Plaintiff Bethea and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

44. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

45. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all pre-recorded calling activity that is done without proper consent, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Bethea requests a jury trial.

RUSSELL BETHEA, individually and on behalf of all others similarly situated,

DATED this 27th day of August 2025.

*By: /s/ R. Jerome Andries*
R. Jerome Andries
Andries Law Firm
296 Magnolia Lane
P.O. Box 731, Marksville, LA 71351
Jerome@andrieslawfirm.com
Telephone: (318) 729-0981
Fax: (318) 209-3826

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*